Joseph P. **CARSON**, Petitioner

v.

**MERIT SYSTEMS PROTECTION BOARD**, Respondent.

No. 13–1273.

United States Court of Appeals, District of Columbia Circuit.

July 30, 2014.

Joseph P. Carson, Knoxville, TN, pro se.

Jeffrey Alan Gauger, Merits Systems Protection Board, Washington, DC, for Respondent.

BEFORE: ROGERS, BROWN, and KAVANAUGH, Circuit Judges.

## *JUDGMENT*

PER CURIAM.

This petition for review of an order of the Merit Systems Protection Board was considered on the briefs and appendix filed by the parties and the brief of amicus curiae. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the petition for review be denied. This court exercises jurisdiction pursuant to the Whistleblower Protection Act as amended in 2012, which allows petitions for review to be filed either in the Federal Circuit or in "any court of appeals of competent jurisdiction" during the two-year period beginning December 27, 2012. 5 U.S.C. § 7703(b)(1)(B). The Merit Systems Protection Board properly determined it lacked jurisdiction over petitioner's claim, because he failed to make a non-frivolous allegation that the agency took a personnel action against him in retaliation for making a disclosure protected under the Whistleblower Protection Act, 5 U.S.C. § 2302(b)(8). *See Yunus v. Dep't of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed.Cir. 2001). In the circumstances presented here, the Board correctly determined the email message from petitioner's supervisor that told him he had acted inappropriately—but did not take or threaten disciplinary action and was not placed in his official personnel file—did not constitute a "significant change in duties, responsibilities, or working conditions" so as to fall within the scope of a "personnel action" under § 2302(a)(2)(A)(xii). *See Reeves v. Dep't of the Army*, 101 M.S.P.R. 337 (2005); *Campo v. Dep't of the Army*, 93 M.S.P.R. 1 (2002); *Shivaee v. Dep't of the Navy*, 74 M.S.P.R. 383 (1997).

The argument raised by petitioner for the first time in his reply brief (at 11–13) comes too late for the court to consider it. *See Illinois Pub. Telecomm. Ass'n v. FCC,* 752 F.3d 1018, 1023 n. 4 (D.C.Cir.2014).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.